# In the United States Court of Federal Claims

No. 21-1934C

(Filed:  October 7, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **ZACHARY THAYER,** | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **THE UNITED STATES,** | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

**OPINION AND ORDER**

*SOLOMSON*, **Judge.**

On September 30, 2021, Plaintiff, Zachary Thayer, a resident of Napa, California, proceeding *pro se*, filed a complaint against Defendant, the United States, in this court. ECF No. 1 ("Compl.").  That same day, Mr. Thayer filed a motion to proceed *in forma pauperis*, ECF No. 2, which this Court granted on October 1, 2021.  ECF No. 6.

Although Mr. Thayer's complaint is almost entirely incomprehensible,[1] the Court has attempted to decipher Mr. Thayer's allegations.[2]  First, Mr. Thayer alleges that the United States failed to inform him that he is a great-grandson of Gerald R. Ford until he was thirty-six years-old, "even though there was evidence of this in the 9/11 trial." Compl. at 1.  In that regard, Mr. Thayer also claims that the States of Michigan and

---

[1] Plaintiff has filed several complaints in other federal courts, with similar intelligibility issues. *See, e.g.*, ECF No. 9, *Thayer v. Uber, Inc. - Uber Eat's et al.*, 21-CV-3936 (N.D. Cal. Sept. 15, 2021) (case dismissed with leave to amend, with the court noting that it has "tr[ied] to evaluate the complaint but cannot because it makes no sense").

[2] The facts alleged in Plaintiff's complaint are assumed to be true and do not constitute factual findings by the Court.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).

Indiana "denied" Mr. Thayer this information "while [he was] in the[ir] care." *Id.* Mr. Thayer contends that this failure to disclose his ancestry constitutes "damage, negligence and harassment." *Id.* Second, Mr. Thayer asserts that California and Napa County are liable for "retaliation, harassment, and discrimination," and that they "created a deprivation of rights, privileges, or immunities secured by the Constitution and laws." *Id.* at 4–5. He further accuses Napa County of tampering with his job interviews and denying him a fair valuation of a company he had tried to "pitch." *Id.* at 5, 9. Additional parties named in the complaint include his (possibly adoptive) "parental units," Governor Gavin Newsom, former presidents Jimmy Carter, Barack Obama, and Donald Trump, former vice president Mike Pence, the California Employment Development Department, "agents of federal jurisdiction," "judicial officers in the county commission," and a host of "local state actors." *Id.* at 3–5. Mr. Thayer requests various forms of relief, including: holding the State of Michigan "financially liable"; holding his parents "emotionally liable"; obtaining a fair valuation of his business; and an admission of negligence by the State of California and Mr. Pence. *Id.* at 3.

Mr. Thayer is proceeding *pro se*, and this Court holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). "It is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). In the absence of subject matter jurisdiction, the Court must dismiss the claim. *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (*sua sponte* dismissal).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). "A plaintiff must identify a separate source of substantive law that creates the right to money damages." *United States v. Mitchell,* 463 U.S. 206, 216 (1983). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Id.* With respect to

"money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 217 (quotation omitted).

For the reasons explained below, the Court dismisses, *sua sponte*, Mr. Thayer's complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

*First*, pursuant to the Tucker Act, 28 U.S.C. § 1491(a), this Court's jurisdiction is limited to claims against the United States. *See Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))). Accordingly, this Court has no jurisdiction to hear Mr. Thayer's claims against private parties, individuals (whether in their official or personal capacity), or state or local governments. *See Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").

*Second*, even to the extent that Mr. Thayer alleges claims against the United States, he "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place his claims within this Court's jurisdiction. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015). Mr. Thayer's allegations are based primarily on the failure to inform him of his ancestry, and the putative harms that resulted therefrom. Far from being a claim involving "contracts with the United States, actions to recover illegal exactions of money by the United States, [or] actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions," *Roth*, 378 F.3d at 1384, Mr. Thayer's allegations are, at best, tort claims, although the Court doubts that the facts alleged state any cognizable tort claim in any jurisdiction.

*Third*, even if Mr. Thayer's vague allegations that he was deprived of his "rights, privileges, or immunities secured by the Constitution and laws" constitute claims that his due process or voting rights were somehow violated, *see* Compl. at 7, this Court lacks jurisdiction over such claims, as well. *See Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he trial court does not have jurisdiction over . . . claims under the due process, equal protection or supremacy clauses of the United States Constitution. These claims do not fall within the court's jurisdiction as defined by the

3

Tucker Act because none of those statutes or constitutional provisions mandate the payment of money."); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (finding that the Court of Federal Claims has no jurisdiction to hear due process claims under the Fifth Amendment); *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) (holding that the Fifteenth Amendment does not support jurisdiction in the Court of Federal Claims); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Court of Federal Claims lacks jurisdiction over constitutional claims that do not mandate the payment of money).

Finally, to the extent Mr. Thayer seeks to hold the United States liable for other harm he has allegedly suffered, such claims "sound[] in tort" and are outside this Court's jurisdiction. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." (citing 28 U.S.C. § 149l(a)(l))).

### CONCLUSION

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint.  The Clerk shall enter **JUDGMENT** for the government.

    **IT IS SO ORDERED.**

s/ Matthew H. Solomson
Matthew H. Solomson
Judge